USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____5/8/2026_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER LYNN HARRINGTON,

               Plaintiff,

      -against-

CITY OF NEW YORK, et al.,

               Defendants.

26-CV-02919 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    *Pro se* Plaintiff Jennifer Lynn Harrington brings this Section 1983 action against the City of New York, the New York Police Department (NYPD), and various employees of the NYPD, including certain unidentified John Doe Defendants. Dkt. No. 1 ¶¶ 12–17. On April 17, 2026, Plaintiff requested that this Court direct Defendants to identify to Plaintiff the full names, shield numbers, ranks, and service addresses of the John Doe Defendants described in the Complaint. Dkt. No. 34. Plaintiff specifically requests that the Court order the City to identify: the individuals who responded to Plaintiff's December 12, 2024 911 call(s) at 262 W. 122nd Street, New York, NY; b) NYPD personnel involved in the events leading to Plaintiff's arrest on May 15, 2025; c) NYPD supervisory personnel responsible for overseeing such officers during the relevant incidents; and d) any other NYPD personnel present at or directly participating in the incidents described in the Complaint. Dkt. No. 34-1.

    Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff provides sufficient information to permit the City to identify certain John Doe Defendants. In particular, Plaintiff states that on December 12, 2024, in response to a 911 call, two NYPD officers entered Plaintiff's building. Dkt. No. 1 ¶ 70. The Complaint describes the event with sufficient specificity such that the officers involved should be readily identifiable. Plaintiff's complaint also describes her arrest on May 15, 2025. *Id.* ¶¶ 132, 153. Although Plaintiff identified the individuals who arrested her, *id.* ¶ 132, to the extent any additional unnamed individuals were involved, they should be readily identifiable based on the details of the arrest Plaintiff provided. The City should also be able to identify the NYPD supervisory personnel responsible for overseeing such officers during the relevant incidents as requested by Plaintiff.

    As for Plaintiff's request that the City identify any "any other NYPD personnel present at or directly participating in the incidents described in the Complaint," Dkt. No. 34-1 at 2, the Complaint does not describe all such individuals with sufficient specificity such that they can be readily identified. For example, Plaintiff alleges that "[c]opies of Plaintiff's active POs were conspicuously posted in the Building's vestibule and were repeatedly visible to responding NYPD personnel, including Defendant officers, providing continuous notice of Plaintiff's protected status and the scope of prohibited contact, including third-party contact." Compl. ¶ 45. Plaintiff also alleges that "Plaintiff repeatedly reported PS's conduct and PO violations to

Defendants and other NYPD personnel and provided documentation, including videos and witness information.  Defendants were aware of the escalating risk posed by PS and TJ." *Id.* ¶ 47.  These allegations are not sufficiently specific to allow the City to identify the NYPD personnel involved.

It is therefore ORDERED that Counsel for the City must make all reasonable efforts to ascertain the Defendants' names and, if appropriate, badge numbers, as well as where he (or she) may be served for the defendants in categories "a" through "c" in the first paragraph of this Order.[1]  The attorney must then provide this information to Plaintiff and the Court within sixty (60) days of this Order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly-identified defendant(s) and, if appropriate, listing each defendant's badge number and service address.  The amended complaint will replace, not supplement, the original complaint.

Pursuant to the electronic service agreement between the Court and the New York City Department of Correction, the Clerk of Court is directed to electronically notify the New York City Law Department and the New York City Department of Correction of this Order.

The Clerk of Court is respectfully directed to terminate Dkt. No. 34.

Dated: May 8, 2026
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[1] If Plaintiff requires the identity of any other individual who has been described with sufficient specificity in the Complaint, Plaintiff may file an additional motion for discovery of the identities of those individuals.